IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM IRVING, Register No. 182906, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4306-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On September 19, 2008, plaintiff was ordered to show cause why his complaint should not be dismissed on collateral estoppel grounds.[1] The court noted that the trial in plaintiff's related case, Irving v. Brigance, No. 04-4309 (W.D. Mo. Aug. 6, 2008), concluded with a jury verdict in favor of the defendants, and that plaintiff's claims in the instant case appear to be merely a continuance of the same type of allegations made by plaintiff in that case against some of the same defendants on different dates and against a few different defendants.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion which are collectively referred to as res judicata. Taylor v. Sturgell, ___ U.S. ___, ___, 128 S. Ct. 2161, 2171 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue or fact of law actually litigated and resolved in a valid court determination essential to the prior judgment even if the issue occurs in the context of a different claim." Id.

Invoking res judicata, sua sponte, is proper to avoid unnecessary judicial waste. Hanig v. City of Winner, S.D., 527 F.3d 674, 678 (8th Cir. 2008). By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, res judicata protects against the expense and vexation of attending multiple lawsuits, conserves judicial resources and fosters

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

reliance on judicial action by minimizing the possibility of inconsistent decisions. Taylor, 128 S. Ct. at 2171; Allstate Ins. Co. v. Blount, 491 F.3d 903, 907-08 (2007); Olsen v. Mukasey, 541 F.3d 827 (8th Cir. Sept. 8, 2008). Issue preclusion, or collateral estoppel, has five basic elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

Olsen v. Mukasey 541 F.3d at 830-31.

Plaintiff's prior suit, Irving v. Brigance, No. 04-4309, resulted in a final verdict and judgment on August 6, 2008, and dealt directly with plaintiff's claims of alleged threats, retaliation and failure to protect by correctional officers at the Jefferson City Correctional Center (JCCC). Both the instant suit and No. 04-4309, involve the same plaintiff, William Irving, and most of the same defendants. In No. 04-4309, a jury verdict in favor of JCCC defendant guards Brigance, Neff and Heyer was entered, and summary judgment was granted as to defendants Ortbal, Dittman, Dormire, Rupple, Branson, Martin, Thomas, Cassady, Pettus, Kempker, Reed, and Cressey, all of whom are named defendants in the instant action. All defendants named in the instant action were originally named in plaintiff's prior suit, No. 04-4309. The instant case is clearly a continuation of plaintiff's claims of threats, retaliation and failure to protect that were alleged in No. 04-4309. The wrongs sought to be redressed by plaintiff in the instant action are the same as those actually litigated in No. 04-4309. Although the specific dates of the alleged incidents are different, the nucleus of operative facts remain the same, as well as the named defendants. Plaintiff complained that defendants threatened and failed to protect him in both cases and his claims were rejected by the jury in No. 04-4309 because he was not credible.

Plaintiff's claims in the instant action are merely a continuation of the claims, both factually and legally, of those previously considered in No. 04-4309, in which a valid judgment was entered. "Collateral estoppel is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." Olsen v. Mukasey 541 F.3d at 831. The five elements of collateral estoppel are met in this case.

Plaintiff's response to the order to show cause requesting leave to amend his complaint to add Gregory Patrick as a defendant does not change the fact that plaintiff's claims are barred by collateral estoppel. In fact, plaintiff's allegations that Patrick should be added as a defendant are based on the claims in plaintiff's prior related case, Irving v. Brigance, No. 04-4309 (W.D. Mo. Aug. 6, 2008). Plaintiff alleges that Patrick testified during the trial in case No. 04-4309 and admitted it was he who popped open the cell doors in the JCCC administrative segregation unit on November 4, 2004.[2] The popping of plaintiff's cell door and assault were issues that were litigated in his prior case, No. 04-4309, and were not found to be intentional or done with deliberate indifference to plaintiff's safety. Therefore, although Patrick was not named as a defendant in plaintiff's prior case, the claim which plaintiff asserts against him was litigated.

Plaintiff also asserts in his response to the order to show cause that his supervisory claims against defendant Reed were not addressed in his prior related case, and therefore, should be allowed to proceed in the instant case. Upon review, this court finds: (1) Reed was a defendant in the prior related case and summary judgment was granted in his favor; and (2) supervisory liability, also known as respondeat superior liability, is not a basis for liability under 42 U.S.C. § 1983. See Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990) ("It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action."); Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989) ("It is well settled that the doctrine of respondeat superior is insufficient to allow recovery in a § 1983 action.").

Based on the discussion set forth above, this court finds that the claims in the instant case do not constitute new claims, and res judicata, specifically, collateral estoppel, bars plaintiff from bringing a succession of claims against MDOC officials on essentially the same allegations. See Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983) (even when the specific prison officials named are different, res judicata bars an inmate from bringing a succession of claims against MDOC officials on the same claim). The adjudication of plaintiff's claims in No. 04-4309 is preclusive of plaintiff proceeding on the claims in the instant case.

---

[2]Plaintiff's motion to amend is recommended denied as futile. The Eighth Circuit has held that "futility constitutes a valid reason for denial of a motion to amend." Wiles v. Capitol Indemnify Corp., 280 F.3d 868 (8th Cir. 2002).

3

Miscellaneous Motions

Plaintiff has filed multiple motions requesting that the court order Southeastern Correctional Center (SECC) to provide him with access to his legal materials for this case, his related case No. 04-4309, and for a new case he has filed in the United States District Court for the Eastern District of Missouri. Plaintiff alleges he is in administrative segregation and needs his legal materials from the property room.

Upon review, the court notes plaintiff has been transferred from JCCC to SECC, and therefore, is now located within the jurisdiction of the Eastern District of Missouri. Therefore, plaintiff should seek any necessary injunctive relief regarding his access to his legal materials with the Eastern District of Missouri court. The court notes plaintiff already has a case pending with the Eastern District Court and is also seeking access to legal materials for that case. Furthermore, the court notes that plaintiff has not missed any deadlines in this case, continues to make multiple filings, and does not allege that he is being denied the opportunity to exchange his legal property in and out of the property storage room at SECC as provided by MDOC policy.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motions seeking access to his legal materials be denied, without prejudice. [52, 54, 57] It is further

RECOMMENDED that plaintiff's motion to amend to add Gregory Patrick as a defendant be denied as futile. [48] It is further

RECOMMENDED that plaintiff's claims be dismissed on collateral estoppel grounds.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of April, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 2:06-cv-04306-SOW   Document 60   Filed 04/15/09   Page 5 of 5