IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM IRVING, Register No. 182906, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4306-CV-C-SOW |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On April 15, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on April 27, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Further, the court notes that in plaintiff's previous case, Irving v. Brigance, No. 04-4309 (W.D. Mo. Aug. 8, 2008), counsel was appointed for plaintiff, then allowed to withdraw due to sexual misconduct by plaintiff directed toward his appointed attorney. Subsequently, another attorney was appointed to represent plaintiff due to the serious nature of his claims against the defendants. The case was tried in August 2008 and a verdict returned for defendants.

The evidence in No. 04-4309 was overwhelming that plaintiff's allegations were untrue and made solely for the purpose of harassing defendants and to get transferred to a different institution. Plaintiff's counsel in that case were highly competent and capable attorneys who did an excellent job for plaintiff, but even they could not package plaintiff's allegations in such a way as to make them even slightly credible.

This case is no different. The claims are essentially the same, though some defendants are different. The court will not appoint counsel again to assist plaintiff with an abusive, meritless

lawsuit, and waste the court's and a jury's time with another frivolous lawsuit. This case is so clearly related and similar to No. 04-4309 that the same result will surely follow. Although not identical, the underlying allegations and evidence are substantially overlapping and made for the same malicious purpose of seeking a transfer. They are not brought in good faith.

Had plaintiff's claims in this case not been subject to dismissal on collateral estoppel grounds, they would be dismissed as malicious, pursuant to 28 U.S.C. § 1915.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On April 27, 2009, plaintiff filed a motion to stay the case for the month of May because of his traveling for state court appearances. Plaintiff requested the court serve a copy of his motion on defendants. Upon review, defendants have received a copy of his notice via the court's electronic filing system. Further, given the month of May has passed, plaintiff's motion to stay is moot.

IT IS, THEREFORE, ORDERED that plaintiff's motion to stay is denied. [61] It is further

ORDERED that the Report and Recommendation of April 15, 2009, is adopted. [60] It is further

ORDERED that plaintiff's motions seeking access to his legal materials are denied, without prejudice. [52, 54, 57] It is further

ORDERED that plaintiff's motion to amend to add Gregory Patrick as a defendant is denied as futile. [48] It is further

ORDERED that plaintiff's claims are dismissed on collateral estoppel grounds.


    /s/ Scott O. Wright
    SCOTT O. WRIGHT
    Senior United States District Judge

DATED: June 8, 2009
Kansas City, Missouri